IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| DAN BARKER,<br><br>    Plaintiff,<br><br>vs.<br><br>CHARLES PALMER, TRACY THOMAS, BRYON KELLY AND BRAD WITTROCK,<br><br>    Defendants. | No. 14-CV-4013-DEO<br><br>ORDER ON MOTION TO DISMISS |

## I. INTRODUCTION

This matter is currently before the Court on the Defendants' Motion to Dismiss. Docket No. 13. The Defendants argue that Dan Barker's [hereinafter Mr. Barker] 42 U.S.C. Section 1983 Complaint, Docket No. 1, Att. 1, and as filed at Docket No. 7, should be dismissed. The Plaintiff is an involuntarily committed patient at the Civil Commitment Unit for Sex Offenders (CCUSO) in Cherokee, Iowa.[1] The parties appeared for a hearing on April 16, 2014. After listening to the parties' arguments, the Court took the matter under advisement and now enters the following.

---

[1] The patients at CCUSO "have served their prison terms but in a separate civil trial have been found likely to commit further violent sexual offenses." Iowa Department of Human Services Offer #401-HHS-014: CCUSO, http://www.dhs.state.ia.us/docs/11w-401-HHS-014-CCUSO.pdf, last visited May 5, 2014.

## II. MOTION TO DISMISS STANDARD

The notice pleading standard of Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff to give "a short and plain statement showing that the pleader is entitled to relief." In order to meet this standard and to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (internal quotations and citation omitted). This requirement of facial plausibility means that the factual content of the plaintiff's allegations must "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Cole v. Homier Distrib. Co., 599 F.3d 856, 861 (8th Cir. 2010). Furthermore, courts must assess the plausibility of a given claim with reference to the plaintiff's allegations as a whole, not in terms of the plausibility of each individual allegation. Zoltek Corp. v. Structural Polymer Group, 592 F.3d 893, 896 n. 4 (8th Cir. 2010) (internal citation omitted). This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 664.

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (internal alterations and citations omitted). Nevertheless, although the "plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a sheer possibility," it is not a "probability requirement." <u>Braden v. Wal-Mart Stores, Inc.</u>, 588 F.3d 585, 594 (8th Cir. 2009). As such, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and that a recovery is very remote and unlikely." <u>Id.</u>

In assessing "plausibility," as required by the Supreme Court in <u>Iqbal</u>, the Eighth Circuit Court of Appeals has explained that courts should consider only the materials that are necessarily embraced by the pleadings and exhibits attached to the complaint. See <u>Mattes v. ABC Plastics, Inc</u>., 323 F.3d 695, 697 n. 4 (8th Cir. 2003), stating that "in considering a motion to dismiss, the district court may

sometimes consider materials outside the pleadings, such as materials that are necessarily embraced by the pleadings and exhibits attached to the complaint. Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999). The Court may also consider "materials that are part of the public record or do not contradict the complaint." Miller v. Redwood Toxicology Lab., Inc., 688 F.3d 928, 931 (8th Cir. 2012). A more complete list of the matters outside of the pleadings that a court may consider, without converting a Rule 12(b)(6) motion to dismiss into a Rule 56 motion for summary judgment, pursuant to Rule 12(d), includes matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned. Van Stelton v. Van Stelton, 11-CV-4045-MWB, 2013 WL 3776813 (N.D. Iowa 2013) (internal citations omitted).

## III. ANALYSIS

Mr. Barker is a long time CCUSO patient. Around 2009, he achieved transitional release status and was allowed to live independently outside of CCUSO in Cherokee, Iowa. In 2010, because of various issues, Mr. Barker returned to live at the

CCUSO facility in Cherokee, Iowa. Because he lived on his own during 2009, Mr. Barker had acquired various property that he could not bring back to CCUSO. (The property included lawn care supplies, furniture, etc.) Mr. Barker entered into an agreement with CCUSO, which (allegedly) stated that he could store his belongings in a CCUSO owned storage area on the CCUSO premises.

Shortly before this lawsuit was filed, the Defendants notified Mr. Barker that he needed to move his belongings. The Defendants argue that the agreement to store Mr. Barker's property in CCUSO's storage area was short term in nature, and Mr. Barker exceeded the time limit contemplated by the agreement. In his § 1983 Complaint, Mr. Barker argues that the Defendants are attempting to violate his rights by forcing him to remove the property from the storage area.

In their Motion to Dismiss, Docket No. 13, the Defendants argue that Mr. Barker has no constitutional right to store his belongings at CCUSO, nor does he have an alleged constitutional violation that would allow him to file a 42 U.S.C. § 1983 about the property storage issue. The Court held a hearing on this matter on April 16, 2014. During the hearing, the parties stated that Mr. Barker was again moving to transitional release, this time living in an 'apartment'

5

located on the CCUSO premises. The Defendants' attorney, Ms. Kraemer, stated that the Defendants were working with Mr. Barker's state court public defender to resolve the issue around his stored property. During the hearing, both sides indicated that it may be possible to resolve this issue. Accordingly, the Court directed the parties to file status reports within thirty days setting out what steps had been taken to resolve the dispute.

On May 7, 2014, the Defendants filed a Status Report. Docket No. 20. In that report, the Defendants stated:

> Mr. Barker went through his belongings with CCUSO staff's assistance. He was provided with contact information for local rental storage units, and was asked to have arrangements made for his belongings within a month's time. Mr. Barker decided to sell the belongings he had in storage. He asked for CCUSO's assistance in accessing the unit to transfer the items to their new owners. It was a private sale, from Mr. Barker to the new owners, and CCUSO had no hand in the bargain reached.

Docket No. 20, p. 1. On that same date, Plaintiffs' attorney, Ms. Wingert, filed a Status Report which stated:

> [c]omes Now, the Plaintiff, and hereby notifies the Court that the undersigned has spoken to the Plaintiff regarding the Status Report filed this afternoon by the Defendants. Mr. Barker asked me to advise the Court that he no longer contests the Motion to Dismiss.

Docket No. 21, p. 1.

Based on the forgoing, it appears the parties have settled their dispute and the Plaintiff no longer resists the Defendants' Motion to Dismiss. Accordingly, the Motion to Dismiss must be granted.

**IV. CONCLUSION**

For the reasons set out above, the Defendants' Motion to Dismiss, Docket No. 13, is **GRANTED** and the Plaintiff's Complaint, Docket No. 7, is **DISMISSED**.

**IT IS SO ORDERED** this 9th day of May, 2014.

_____
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa